UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LYNN MARIE TAGLIAVENTO,

                        Plaintiff,

v.

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case # 15-CV-250-FPG

DECISION AND ORDER

## INTRODUCTION

On September 28, 2016, the Court granted Plaintiff's Motion for Judgment on the Pleadings and remanded this case to the Commissioner of Social Security for further administrative proceedings. ECF No. 14. On September 29, 2016, the Clerk of Court entered Judgment in Plaintiff's favor. ECF No. 15. On December 28, 2016, Plaintiff applied for $7,614.77 in attorney fees for 39.3 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 16. The Commissioner opposes Plaintiff's motion and argues that the hours expended on this case are "excessive and unreasonable." ECF No. 26 at 2. Specifically, the Commissioner asserts that the Court should reduce counsel's request for fees to between 20 and 30 hours because this case was routine and "counsel has extensive experience in practicing Social Security disability law." *Id.* For the reasons that follow, the Court finds that Plaintiff's attorney fee application accords with the EAJA and that the hours Plaintiff's counsel expended are reasonable. Accordingly, Plaintiff's motion (ECF No. 16) is GRANTED and counsel is awarded $7,614.77 in attorney fees.

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

**DISCUSSION**

Pursuant to the EAJA, a prevailing party in a Social Security benefits case may be awarded attorney fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). "The Court must determine if the hours expended and the rates charged are reasonable," *Ballard v. Astrue*, 485 F. Supp. 2d 290, 291 (W.D.N.Y. 2007) (citations omitted), and the Court has broad discretion to determine what amount of time is "reasonably" expended, *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986). It is the fee applicant's burden to establish "to the court's satisfaction the reasonableness of the hours expended and rates charged." *Pavia v. Comm'r of Soc. Sec.*, No. 5:10-CV-0818 GTS/DEP, 2013 WL 5652497, at *4 (N.D.N.Y. Oct. 15, 2013).

Here, the sole issue is whether the fee sought is "reasonable." ECF No. 26 at 5-10. Specifically, the Commissioner asserts that the 39.3 hours Plaintiff's counsel expended to handle this case is "excessive and unreasonable." ECF No. 26 at 5-10. However, as the Commissioner herself points out, district courts in the Second Circuit "generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) (collecting cases).

Although the Commissioner argues that the Court should reduce counsel's hours because this case was straightforward and had a relatively short administrative transcript (ECF No. 26 at 5-7), Plaintiff's Motion for Judgement on the Pleadings (ECF No. 27) was 26 pages long and thoroughly recited the facts and discussed the legal arguments. Moreover, a less experienced attorney prepared the brief (ECF No. 27 at 2 n.2), despite the Commissioner's assertion that a

reduction of hours is appropriate based on counsel's high level of expertise. The Court agrees with Plaintiff that it was reasonable to bill 23 hours—less than one hour per page of the submitted motion—to review the transcript, conduct legal research, and draft the motion.

The Commissioner also disputes the hours counsel spent preparing for and traveling to and from oral argument. ECF No. 26 at 8-9. The Commissioner asserts that four hours to prepare for oral argument "is excessive given the characteristics of this case and the experience of Plaintiff's counsel" and that the three and one-half hours spent traveling to and from and attending the hearing is unreasonable. *Id.* The Court agrees with Plaintiff that four hours is a reasonable amount of time to spend preparing for oral argument, which requires counsel to travel from Buffalo to Rochester and be prepared to discuss all aspects of the case and answer any questions the Court may have. Additionally, counsel's travel time is reimbursable under the EAJA as "fees and other expenses" because the round trip was required for a court proceeding and not another purpose. *See Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 12 (2d Cir. 1986) (citing 28 U.S.C. § 2412(d)(2)(A)); *Damian v. Sec'y of Health & Human Servs.*, No. CIV-88-875E, 1991 WL 99065, at *1 n.1 (W.D.N.Y. May 27, 1991).

The Commissioner also objects to the combined one hour that counsel charged for administrative and clerical tasks. Although district courts sometimes reduce fee awards by excluding "routine clerical matters not requiring any legal expertise," *see, e.g.*, *James v. Colvin*, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014), the Court finds that the one hour expended on this case is reasonable.

## CONCLUSION

Plaintiff's Motion for Attorney Fees (ECF No. 16) is GRANTED and counsel is awarded $7,614.77 in attorney fees. The Commissioner shall promptly pay this sum to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: September 5, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court